# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **Mr. Cooper Group, Inc.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No.: 3:24-cv-02857-D** |
| **National Union Fire Insurance Company** | § | |
| **of Pittsburgh, Pa., and Berkshire** | § | |
| **Hathaway Specialty Insurance Company,** | § | |
| **Defendants.** | § | |

### Defendant National Union Fire Insurance Company of Pittsburgh, Pa.'s
### Answer to Plaintiff's Original Complaint

Defendant National Union Fire Insurance Company of Pittsburgh, Pa., (National Union) answers Plaintiff's Original Complaint (Complaint) as follows:

### National Union's Admissions and Denials

### INTRODUCTION[1]

1.    National Union admits that Plaintiff has correctly stated in the first sentence of Paragraph 1 the claims it is making in this action but denies the validity of those claims and denies that Plaintiff is entitled to such relief. Except as expressly admitted, National Union denies the remaining allegations and characterizations in Paragraph 1.

2.    National Union is without sufficient information to admit or deny the allegations in Paragraph 2; therefore, it denies such allegations.

3.    National Union is without sufficient information to admit or deny the allegations in Paragraph 3; therefore, it denies such allegations.

4.    National Union is without sufficient information to admit or deny the allegations in Paragraph 4; therefore, it denies such allegations.

---

[1] For the Court's ease of reference, National Union adopts the section names utilized in the Original Complaint (Dkt. 1). National Union, however, does not agree with Mr. Cooper's characterizations and denies them to the extent they call for legal conclusions.

5.        National Union admits that Mr. Cooper purchased National Union Financial Institution Bond Policy No. 01-233-95-74 with a policy period of July 11, 2023, to July 11, 2024. National Union is without sufficient information to admit or deny the remaining allegations in Paragraph 5; therefore, it denies such allegations.

6.        National Union denies the allegations in Paragraph 6.

7.        National Union admits that it collected an insurance premium from Plaintiff for the referenced insurance policy.  Otherwise, National Union denies the allegations in Paragraph 7.

8.        National Union denies the allegations in Paragraph 8.

9.        Paragraph 9 states a legal conclusion and therefore no admission or denial is required.  To the extent a response is required, National Union denies the allegations in Paragraph 9.

10.        Paragraph 10 states a legal conclusion and therefore no admission or denial is required.  To the extent a response is required, National Union denies the allegations in Paragraph 10.

11.        Paragraph 11 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 11; therefore, it denies such allegations.

12.        Paragraph 12 contains no allegations against National Union, and therefore, no response is required.  Further, Paragraph 12 states a legal conclusion and therefore no admission or denial is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 12; therefore, it denies such allegations.

13.        National Union is without sufficient information to admit or deny the allegations in Paragraph 13; therefore, it denies such allegations.

14.        National Union denies the allegations in Paragraph 14.

**THE PARTIES**

15.    Paragraph 15 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 15; therefore, it denies such allegations.

16.    National Union admits that it is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in New York, New York.  Except as expressly admitted, National Union denies the remaining allegations and characterizations in Paragraph 16.

17.    Paragraph 17 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 17; therefore, it denies such allegations.

**JURISDICTION AND VENUE**

18.    National Union admits the allegations in Paragraph 18 that the amount in controversy exceeds $75,000 and, to the extent that the allegations in Paragraphs 15 and 17 are accurate, that there is complete diversity of citizenship between the parties.  Otherwise, National Union denies the allegations in Paragraph 18.

19.    National Union is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 19.  National Union admits that it conducts business in Texas.  Except as expressly admitted, National Union denies the remaining allegations and characterizations in Paragraph 19.

20.    National Union admits that Plaintiff has asserted that venue is proper in the Court. However, National Union is without sufficient information to admit or deny the remaining allegations in Paragraph 20; therefore, it denies such allegations.

21.    National Union admits that Plaintiff has asserted that this Court has the power to declare the parties' rights under 28 U.S.C. § 2201.  Except as expressly admitted, National Union

denies the remaining allegations in Paragraph 21.

## FACTUAL BACKGROUND

### I.    Mr. Cooper's Business

22.    Paragraph 22 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 22; therefore, it denies such allegations.

23.    Paragraph 23 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 23; therefore, it denies such allegations.

24.    Paragraph 24 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 24; therefore, it denies such allegations.

25.    Paragraph 25 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 25; therefore, it denies such allegations.

### II.    The Policies

26.    National Union admits that it issued Financial Institution Bond Policy No. 01-233-95-74 with a policy period of July 11, 2023, to July 11, 2024 (the National Union Policy).  The Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 26 are inconsistent with the Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 26.

27.    National Union admits that it issued the National Union Policy.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 27.

28.    Paragraph 28 contains no allegations against National Union, and therefore, no

response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 28; therefore, it denies such allegations. Footnote 1 following Paragraph 28 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Footnote 1; therefore, it denies such allegations.

29.    National Union admits that Plaintiff bases its claims and requested relief, in part, on certain, but not all, insuring agreements in the National Union Policy.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 29.

30.    National Union admits that the National Union Policy contains a Computer Crime Coverage Rider.  The Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 30 are inconsistent with the National Union Policy, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 30.

A.    The National Union Policy

31.    National Union admits that it issued Financial Institution Bond Policy No. 01-233-95-74 with a policy period of July 11, 2023, to July 11, 2024 (the National Union Policy).  National Union further admits that Plaintiff attaches a version of the National Union Policy to Plaintiff's Complaint as Exhibit A.  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 31 are inconsistent with the National Union Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 31.

32.    National Union admits that it issued Financial Institution Bond Policy No. 01-233-95-74 with a policy period of July 11, 2023, to July 11, 2024 (the National Union Policy) to Mr. Cooper.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph

32.

33.     National Union admits that the National Union Policy has stated annual aggregate limits of liability and per-occurrence limits.  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 33 are inconsistent with the National Union Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 33.

34.     National Union admits that the National Union Policy states a single loss deductible of $1 million that applies to certain coverages.  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 34 are inconsistent with the National Union Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 34.

35.     National Union admits that the National Union Policy provides coverages as stated in it.  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 35 are inconsistent with the National Union Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 35.

36.     National Union admits that the National Union Policy contains certain additional coverages by endorsement.  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 36 are inconsistent with the National Union Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 36.

37.     National Union admits that the National Union Policy includes Endorsement Number 6 – "Computer Crime Coverage Rider." The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 37 are inconsistent with the National Union Policy, National Union denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 37.

38.     National Union admits that the National Union Policy includes Endorsement No. 6 – "Computer Crime Coverage Rider." The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 38 are inconsistent with the National Union Policy, National Union denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 38.

39.     National Union admits that the National Union Policy includes Endorsement No. 6 – "Computer Crime Coverage Rider" and certain specified coverages therein. The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 39 are inconsistent with the National Union Policy, National Union denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 39.

40.     National Union admits that the National Union Policy includes Endorsement No. 6 – "Computer Systems Fraud." The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 40 are inconsistent with the National Union Policy, National Union denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 40.

41.     National Union admits that the National Union Policy contains defined terms. The

National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 41 are inconsistent with the National Union Policy, National Union denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 41.

42.    National Union admits that the National Union Policy includes a definition of "Property." The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 42 are inconsistent with the National Union Policy, National Union denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 42.

43.    National Union admits that the National Union Policy includes a definition of "Electronic Data." The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 43 are inconsistent with the National Union Policy, National Union denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 43.

44.    National Union admits that the National Union Policy includes a definition of "Computer Programs." The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 44 are inconsistent with the National Union Policy, National Union denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 44.

45.    National Union admits that the National Union Policy includes a definition of "Computer Systems." The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the

allegations in Paragraph 45 are inconsistent with the National Union Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 45.

46.    Paragraph 46 states a legal conclusion and therefore no admission or denial is required.  To the extent a response is required, the National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 46 are inconsistent with the National Union Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 46.

47.    National Union admits that the National Union Policy includes in Endorsement No. 6 a provision regarding "Destruction of Date or Programs by Hacker."  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 47 are inconsistent with the National Union Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 47.

48.    National Union admits that the National Union Policy includes a definition of "Restoration Costs."  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 48 are inconsistent with the National Union Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 48.

49.    National Union admits that the National Union Policy includes a definition of "Restoration Costs."  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 49 are inconsistent with the National Union Policy, National Union denies

such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 49.

50.    Paragraph 50 states a legal conclusion and therefore no admission or denial is required.  To the extent a response is required, the National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 50 are inconsistent with the National Union Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 50.

51.    National Union admits that the National Union Policy includes in Endorsement No. 6 a provision regarding "Destruction of Date or Programs by Virus."  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 51 are inconsistent with the National Union Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 51.

52.    Paragraph 52 states a legal conclusion and therefore no admission or denial is required.  To the extent a response is required, the National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 52 are inconsistent with the National Union Policy, National Union denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 52.

### B.    The Berkshire Policy

53.    Paragraph 53 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 53; therefore, it denies such allegations.

54.    Paragraph 54 contains no allegations against National Union, and therefore, no

response is required.  To the extent a response is required, National Union admits that the National Union Policy contain certain limits and deductibles but the National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 54 are inconsistent with the National Union Policy, National Union denies such allegations.   National Union is without sufficient information to admit or deny the allegations in Paragraph 54; therefore, it denies such allegations.

55.     Paragraph 55 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 55; therefore, it denies such allegations.

56.     Paragraph 56 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 56; therefore, it denies such allegations.

57.     Paragraph 57 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union admits that the National Union Policy contain certain limits and deductibles but the National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 57 are inconsistent with the National Union Policy, National Union denies such allegations.   National Union is without sufficient information to admit or deny the allegations in Paragraph 57; therefore, it denies such allegations.

**III.    The Cyber Hacker Attack and Immediate Mitigating Actions by Mr. Cooper**

58.     Paragraph 58 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 58; therefore, it denies such allegations.

59.     Paragraph 59 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient

information to admit or deny the allegations in Paragraph 59; therefore, it denies such allegations.

60.    Paragraph 60 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 60; therefore, it denies such allegations.

61.    Paragraph 61 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 61; therefore, it denies such allegations.

62.    Paragraph 62 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 62; therefore, it denies such allegations.

63.    Paragraph 63 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 63; therefore, it denies such allegations.

64.    Paragraph 64 contains no allegations against National Union and also contains a legal conclusion; therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 64; therefore, it denies such allegations.

65.    Paragraph 65 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 65; therefore, it denies such allegations.

66.    Paragraph 66 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 66; therefore, it denies such allegations.

67.    Paragraph 67 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient

information to admit or deny the allegations in Paragraph 67; therefore, it denies such allegations.

68.    Paragraph 68 and Footnote 2 referenced therein contain no allegations against National Union and also contains a legal conclusion; therefore, no response is required. To the extent a response is required, National Union denies the allegation "as a direct result of" but otherwise is without sufficient information to admit or deny the remaining allegations in Paragraph 68 and Footnote 2; therefore, it denies such allegations.

69.    Paragraph 69 contains no allegations against National Union, and therefore, no response is required. To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 69; therefore, it denies such allegations.

70.    Paragraph 70 contains no allegations against National Union, and therefore, no response is required. To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 70; therefore, it denies such allegations.

71.    Paragraph 71 contains no allegations against National Union, and therefore, no response is required. To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 71; therefore, it denies such allegations.

72.    Paragraph 72 contains no allegations against National Union, and therefore, no response is required. To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 72; therefore, it denies such allegations.

73.    Paragraph 73 contains no allegations against National Union, and therefore, no response is required. To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 73; therefore, it denies such allegations.

74.    Paragraph 74 contains no allegations against National Union and contain a legal conclusion; therefore, no response is required. To the extent a response is required, National Union denies the allegation "as a direct result of" but otherwise is without sufficient information to admit or deny the remaining allegations in Paragraph 74; therefore, it denies such allegations.

13

75.     Paragraph 75 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 75; therefore, it denies such allegations.

76.     Paragraph 76 contains no allegations against National Union and also contains a legal conclusion; therefore, no response is required.  To the extent a response is required, National Union denies the allegation "as a direct result of" but otherwise is without sufficient information to admit or deny the remaining allegations in Paragraph 76; therefore, it denies such allegations.

77.     Paragraph 77 contains no allegations against National Union and also contains a legal conclusion; therefore, no response is required.  To the extent a response is required, National Union denies the allegation "as a direct result of" but otherwise is without sufficient information to admit or deny the allegations in Paragraph 77; therefore, it denies such allegations.

78.     Paragraph 78 contains no allegations against National Union and contains a legal conclusion; therefore, no response is required.  To the extent a response is required, National Union denies the allegation "as a direct result of" but otherwise is without sufficient information to admit or deny the remaining allegations in Paragraph 78; therefore, it denies such allegations.

### IV.    National Union Wrongfully Denies Coverage and Violates the Duty of Good Faith and Fair Dealing.

79.     Paragraph 79 states a legal conclusion, and therefore does not require an admission or denial.  To the extent a response is required, National Union admits that it received a letter from Aon Risk Solutions on or about November 9, 2023.  The letter of November 9, 2023, is the best evidence of its content.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 79.

80.     Paragraph 80 states a legal conclusion, and therefore does not require an admission or denial.  To the extent a response is required, National Union admits that it received a letter from Aon Risk Solutions on or about November 9, 2023.  The letter of November 9, 2023, is the best evidence

of its content.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 80.

81.    Paragraph 81 states a legal conclusion, and therefore, does not require an admission or denial.  To the extent a response is required, National Union admits National Union sent a letter to Plaintiff on November 14, 2023.  The letter speaks for itself.  Therefore, to the extent the allegations in Paragraph 81 are inconsistent with the letter, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 81.

82.    National Union admits it received an email on or about November 22, 2023 from Aon Risk Solutions regarding vendors.  The email speaks for itself.  Therefore, to the extent the allegations in Paragraph 82 are inconsistent with the email, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 82.

83.    National Union admits that Mark Wolin was handling this matter and that he participated in a phone call around that date.  National Union is without sufficient information to admit or deny the remaining allegations in Paragraph 83; therefore, it denies such allegations.

84.    Paragraph 84 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 84; therefore, it denies such allegations.

85.    National Union denies the allegations contained in Paragraph 85.

86.    Paragraph 86 states a legal conclusion, and therefore, does not require an admission or denial.  To the extent a response is required, National Union admits a letter was sent to Plaintiff on or about December 1, 2023. The letter speaks for itself.  Therefore, to the extent the allegations in Paragraph 86 are inconsistent with the letter, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 86.

87.    National Union admits that Mark Wolin was handling the claim at issue here and that

he was involved in a call or calls with Plaintiff's representatives regarding the claim. National Union is without sufficient information to admit or deny the remaining allegations in Paragraph 87; therefore, it denies such allegations.

88.    National Union admits that the National Union Policy contains a Computer Crime Coverage Rider. The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements. Therefore, to the extent the allegations in Paragraph 88 are inconsistent with the National Union Policy, it denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 88.

89.    Paragraph 89 contains no allegations against National Union, and therefore, no response is required. To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 89; therefore, it denies such allegations.

90.    National Union admits that National Union and Plaintiff's representatives had a conference call on or about December 18, 2023. National Union is without sufficient information to admit or deny the remaining allegations in Paragraph 90; therefore, it denies such allegations.

91.    National Union admits that Judith Blake participated in some of the communications related to the handling of the Claim. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 91.

92.    National Union admits it sent Plaintiff's representative a letter on January 9, 2024 that refers to and confirms National Union's response to Mr. Cooper's inquiry regarding consent on the conference call of December 18, 2023.[2] The letter speaks for itself. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 92.

93.    Paragraph 93 states a legal conclusion, and therefore, does not require an admission

---

[2] The letter of January 9, 2024 appears to include a typographical error in the date. While the letter is dated January 9, 2023, the parties agree National Union sent it to Plaintiff's counsel on January 9, 2024.

or denial. To the extent a response is required, National Union admits a letter was sent to Plaintiff on or about January 9, 2024. The letter speaks for itself. Therefore, to the extent the allegations in Paragraph 93 are inconsistent with the letter, it denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 93.

94.     Paragraph 94 states a legal conclusion, and therefore does not require an admission or denial. To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 94; therefore, it denies such allegations.

95.     Paragraph 95 states a legal conclusion, and therefore does not require an admission or denial. To the extent a response is required, National Union admits that it received a preliminary proof of loss on the claim at issue. The preliminary proof of loss, dated February 12, 2024, is the best evidence of its content. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 95.

96.     National Union admits that the preliminary proof of loss dated February 12, 2024, attached multiple exhibits. The preliminary proof of loss dated February 12, 2024, is the best evidence of its content. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 96.

97.     Paragraph 97 states a legal conclusion, and therefore does not require an admission or denial. To the extent a response is required, the preliminary proof of loss dated February 12, 2024, is the best evidence of its content. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 97.

98.     National Union admits it sent a letter to Plaintiff on or about May 1, 2024. The letter speaks for itself. Therefore, to the extent the allegations in Paragraph 98 are inconsistent with the letter, it denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 98.

99.     Paragraph 99 states a legal conclusion, and therefore, does not require an admission

or denial.  To the extent a response is required, National Union admits it sent a letter to Plaintiff on or about May 1, 2024.  The letter speaks for itself.  Therefore, to the extent the allegations in Paragraph 99 are inconsistent with the letter, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 99.

100.    Paragraph 100 states a legal conclusion, and therefore, does not require an admission or denial.  To the extent a response is required, National Union admits it sent a letter to Plaintiff on or about May 1, 2024.  The letter speaks for itself.  Therefore, to the extent the allegations in Paragraph 100 are inconsistent with the letter, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 100.

101.    Paragraph 101 states a legal conclusion, and therefore, does not require an admission or denial.  To the extent a response is required, National Union admits it sent a letter to Plaintiff on or about May 1, 2024.  The letter speaks for itself.  Therefore, to the extent the allegations in Paragraph 101 are inconsistent with the letter, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 101.

102.    Paragraph 102 states a legal conclusion, and therefore, does not require an admission or denial.  To the extent a response is required, National Union admits it sent a letter to Plaintiff on or about May 1, 2024.  The letter speaks for itself.  Therefore, to the extent the allegations in Paragraph 102 are inconsistent with the letter, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 102.

103.    Paragraph 103 states a legal conclusion, and therefore, does not require an admission or denial.  To the extent a response is required, National Union admits it sent a letter to Plaintiff on or about May 1, 2024.  The letter speaks for itself.  Therefore, to the extent the allegations in Paragraph 103 are inconsistent with the letter, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 103.

104.    National Union denies the allegations contained in Paragraph 104.

105.    National Union admits that it requested additional information from Plaintiff. Otherwise, National Union denies the allegations in Paragraph 105.

106.    Paragraph 106 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 106; therefore, it denies such allegations.

107.    Paragraph 107 states a legal conclusion, and therefore does not require an admission or denial.  To the extent a response is required, National Union admits that it received a letter from Plaintiff on or about July 9, 2024. The letter is the best evidence of its content.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 107.

108.    Paragraph 108 states a legal conclusion, and therefore does not require an admission or denial.  To the extent a response is required, National Union admits that it received a letter from Plaintiff on or about July 9, 2024.  The letter is the best evidence of its content.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 108.

109.    Paragraph 109 states a legal conclusion, and therefore does not require an admission or denial.  To the extent a response is required, National Union admits that it received a letter from Plaintiff on or about July 9, 2024.  The letter is the best evidence of its content.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 109.

110.    Paragraph 110 states a legal conclusion, and therefore does not require an admission or denial.  To the extent a response is required, National Union admits that it received a letter from Plaintiff on or about July 9, 2024.  The letter is the best evidence of its content.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 110.

111.    Paragraph 111 states a legal conclusion, and therefore does not require an admission or denial.  To the extent a response is required, National Union admits that it received a letter from

Plaintiff on or about July 9, 2024. The letter is the best evidence of its content. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 111.

112.    Paragraph 112 states a legal conclusion, and therefore does not require an admission or denial. To the extent a response is required, National Union admits that it received a letter from Plaintiff on or about July 9, 2024. The letter is the best evidence of its content. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 112.

113.    Paragraph 113 states a legal conclusion, and therefore does not require an admission or denial. To the extent a response is required, National Union admits that it received a letter from Plaintiff on or about July 9, 2024. The letter is the best evidence of its content. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 113.

114.    Paragraph 114 states a legal conclusion, and therefore, does not require an admission or denial. To the extent a response is required, National Union admits National Union's counsel sent a letter to Plaintiff on or about September 19, 2024. The letter speaks for itself. Therefore, to the extent the allegations in Paragraph 114 are inconsistent with the letter, it denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 114.

115.    Paragraph 115 states a legal conclusion, and therefore, does not require an admission or denial. To the extent a response is required, National Union admits National Union's counsel sent a letter to Plaintiff on or about September 19, 2024. The letter speaks for itself. Therefore, to the extent the allegations in Paragraph 115 are inconsistent with the letter, it denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 115.

116.    Paragraph 116 states a legal conclusion, and therefore, does not require an admission or denial. To the extent a response is required, National Union admits National Union's counsel sent a letter to Plaintiff on or about September 19, 2024. The letter speaks for itself. Therefore, to the extent the allegations in Paragraph 116 are inconsistent with the letter, it denies such allegations.

Except as expressly admitted, National Union denies the remaining allegations in Paragraph 116.

117.    Paragraph 117 states a legal conclusion, and therefore, does not require an admission or denial.  To the extent a response is required, National Union admits National Union's counsel sent a letter to Plaintiff on or about September 19, 2024.  The letter speaks for itself.  Therefore, to the extent the allegations in Paragraph 117 are inconsistent with the letter, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 117.

118.    Paragraph 118 states a legal conclusion, and therefore, does not require an admission or denial.  To the extent a response is required, National Union admits National Union's counsel sent a letter to Plaintiff on or about September 19, 2024.  The letter speaks for itself.  Therefore, to the extent the allegations in Paragraph 118 are inconsistent with the letter, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 118.

119.    Paragraph 119 states a legal conclusion, and therefore, does not require an admission or denial.  To the extent a response is required, National Union admits National Union's counsel sent a letter to Plaintiff on or about September 19, 2024.  The letter speaks for itself.  Therefore, to the extent the allegations in Paragraph 119 are inconsistent with the letter, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 119.

120.    Paragraph 120 states a legal conclusion, and therefore, does not require an admission or denial.  To the extent a response is required, National Union admits National Union's counsel sent a letter to Plaintiff on or about September 19, 2024.  The letter speaks for itself.  Therefore, to the extent the allegations in Paragraph 120 are inconsistent with the letter, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 120.

121.    Paragraph 121 states a legal conclusion, and therefore, does not require an admission or denial.  To the extent a response is required, National Union admits National Union's counsel sent a letter to Plaintiff on or about September 19, 2024.  The letter speaks for itself.  Therefore, to the

extent the allegations in Paragraph 121 are inconsistent with the letter, it denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 121.

122.    Paragraph 122 states a legal conclusion, and therefore, does not require an admission or denial.  To the extent a response is required, National Union admits National Union's counsel sent a letter to Plaintiff on or about September 19, 2024.  The letter speaks for itself.  Therefore, to the extent the allegations in Paragraph 122 are inconsistent with the letter, it denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 122.

123.    National Union denies the allegations contained in Paragraph 123.

124.    National Union is without sufficient information to admit or deny the allegations in Paragraph 124; therefore, it denies such allegations.

125.    National Union denies the allegations contained in Paragraph 125.

126.    Paragraph 126 states a legal conclusion and therefore no admission or denial is required.  To the extent a response is required, National Union denies the allegations in Paragraph 126.

**V.    Berkshire Fails to Provide a Coverage Determination After Nearly a Year.**

127.    Paragraph 127 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 127; therefore, it denies such allegations.

128.    Paragraph 128 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 128; therefore, it denies such allegations.

129.    Paragraph 129 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 129; therefore, it denies such allegations.

130.    Paragraph 130 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 130; therefore, it denies such allegations.

131.    Paragraph 131 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, Paragraph 131 states a legal conclusion and therefore no admission or denial is required.  To the extent a response still is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 131; therefore, it denies such allegations.

132.    Paragraph 132 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, Paragraph 132 states a legal conclusion and therefore no admission or denial is required.  To the extent a response still is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 132; therefore, it denies such allegations.

## COUNT I
### (Breach of Contract – National Union)

133.    National Union incorporates its answers to Paragraphs 1 through 132 as if fully set forth herein.

134.    National Union admits that the National Union Policy is a written contract.  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 134 are inconsistent with the National Union Policy, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 134.

135.    National Union denies the allegations contained in Paragraph 135.

136.    National Union denies the allegations contained in Paragraph 136.

137.    National Union denies the allegations contained in Paragraph 137.

23

138.    National Union denies the allegations contained in Paragraph 138.

139.    National Union denies the allegations contained in Paragraph 139.

## COUNT II
## (Breach of Contract – Berkshire)

140.    National Union incorporates its answers to Paragraphs 1 through 139 as if fully set forth herein.

141.    Paragraph 141 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 141; therefore, it denies such allegations.

142.    Paragraph 142 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 142; therefore, it denies such allegations.

143.    Paragraph 143 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, Paragraph 143 states a legal conclusion and therefore no admission or denial is required.  To the extent a response still is required, National Union denies the allegations contained in Paragraph 143.

144.    Paragraph 144 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, Paragraph 144 states a legal conclusion and therefore no admission or denial is required.  To the extent a response still is required, National Union denies the allegations contained in Paragraph 144.

145.    Paragraph 145 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, Paragraph 145 states a legal conclusion and therefore no admission or denial is required.  To the extent a response still is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 145; therefore, it denies such allegations.

146.    Paragraph 146 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, Paragraph 146 states a legal conclusion and therefore no admission or denial is required.  To the extent a response still is required, National Union denies the allegations in Paragraph 146.

## COUNT III
### (Declaratory Judgment – All Defendants)

147.    National Union incorporates its answers to Paragraphs 1 through 146 as if fully set forth herein.

148.    National Union admits that Plaintiff seeks a declaratory judgment in this action. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 148.

149.    National Union denies the allegations contained in Paragraph 149.

150.    National Union admits that Plaintiff seeks a declaratory judgment in this action. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 150.

## COUNT IV
### (Violation of the Common Law Duty of Good Faith and Fair Dealing – National Union)

151.    National Union incorporates its answers to Paragraphs 1 through 150 as if fully set forth herein.

152.    National Union admits that the National Union Policy is a written contract.  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 152 are inconsistent with the National Union Policy, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 152.

153.    National Union admits that the National Union Policy contains a Computer Crime Coverage Rider.  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the

25

allegations in Paragraph 153 are inconsistent with the National Union Policy, it denies such allegations. Except as expressly admitted, National Union denies the remaining allegations in Paragraph 153.

154.    Paragraph 154 states a legal conclusion and therefore no admission or denial is required. To the extent a response is required, National Union denies the allegations in Paragraph 154.

155.    National Union denies the allegations contained in Paragraph 155.

156.    Paragraph 156 states a legal conclusion and therefore no admission or denial is required. To the extent a response is required, National Union denies the allegations in Paragraph 156.

157.    Paragraph 157 states a legal conclusion and therefore no admission or denial is required. To the extent a response is required, National Union denies the allegations in Paragraph 157.

158.    Paragraph 158 states a legal conclusion and therefore no admission or denial is required. To the extent a response is required, National Union denies the allegations in Paragraph 158.

159.    Paragraph 159 states a legal conclusion and therefore no admission or denial is required. To the extent a response is required, National Union denies the allegations in Paragraph 159.

160.    Paragraph 160 states a legal conclusion and therefore no admission or denial is required. To the extent a response is required, National Union denies the allegations in Paragraph 160.

161.    Paragraph 161 states a legal conclusion and therefore no admission or denial is required. To the extent a response is required, National Union denies the allegations in Paragraph 161.

**COUNT V**

**(Violations of Texas Insurance Code Chapters 541 and 542 – National Union)**

162.    National Union incorporates its answers to Paragraphs 1 through 161 as if fully set forth herein.

163.    National Union admits that the National Union Policy is a written contract.  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 163 are inconsistent with the National Union Policy, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 163.

164.    National Union admits that the National Union Policy contains a Computer Crime Coverage Rider.  The National Union Policy speaks for itself and must be read as a whole, taking into account all terms, conditions, exclusions, and endorsements.  Therefore, to the extent the allegations in Paragraph 164 are inconsistent with the National Union Policy, it denies such allegations.  Except as expressly admitted, National Union denies the remaining allegations in Paragraph 164.

165.    National Union denies the allegations contained in Paragraph 165.

166.    Paragraph 166 states a legal conclusion and therefore no admission or denial is required.  To the extent a response is required, National Union denies the allegations in Paragraph 166.

**COUNT VI**

**(Violations of Texas Insurance Code Chapters 541 and 542 – National Union)**

167.    National Union incorporates its answers to Paragraphs 1 through 166 as if fully set forth herein.

168.    Paragraph 168 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 168; therefore, it denies such allegations.

169.    Paragraph 169 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 169; therefore, it denies such allegations.

170.    Paragraph 170 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, Paragraph 170 states a legal conclusion and therefore no admission or denial is required.  To the extent a response still is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 170; therefore, it denies such allegations.

171.    Paragraph 171 contains no allegations against National Union, and therefore, no response is required.  To the extent a response is required, Paragraph 171 states a legal conclusion and therefore no admission or denial is required.  To the extent a response still is required, National Union is without sufficient information to admit or deny the allegations in Paragraph 171; therefore, it denies such allegations.

**JURY DEMAND**

172.    National Union acknowledges that Plaintiff has demanded trial by jury as set forth Paragraph 172.

173.    National Union acknowledges that Plaintiff requests judgment in its favor but denies that it is entitled to any of the relief requested in the unnumbered section titled "PRAYER FOR RELIEF" in the Complaint and otherwise denies all allegations in this section.

**<u>National Union's Affirmative Defenses</u>**

1.    The National Union Policy contains exclusions, provisions and endorsements that preclude or limit coverage for certain claims, in whole or in part.

2.    Endorsement #6, Section 8(iii) of the National Union Policy, which provides that the Policy does not cover "loss resulting directly or indirectly from entry or change of Electronic Data or Computer Programs in a Computer System…," bars, in whole or in part, Plaintiff's claimed losses.

28

3.      Endorsement #6, Section 8(vi) of the National Union Policy, which provides that the Policy does not cover "loss resulting directly or indirectly from theft of confidential information," bars, in whole or in part, Plaintiff's claimed losses.

4.      Endorsement #6, Section 8(viii) of the National Union Policy, which provides that the Policy does not cover "the cost of duplication of Electronic Data or Computer Programs…," bars, in whole or in part, Plaintiff's claimed losses.

5.      Endorsement #6, Section 8(xii) of the National Union Policy, which provides that the Policy does not cover "loss resulting directly or indirectly from the fraudulent preparation, or fraudulent modification of Computer Programs…," bars Plaintiff's claimed losses.

6.      Endorsement #6, Section 8(xiv) of the National Union Policy, which provides that the Policy does not cover "loss as a result of a threat to Computer Systems operations," bars, in whole or in part, Plaintiff's claimed losses.

7.      Endorsement #6, Section 8(xx) of the National Union Policy, which provides that the Policy does not cover "any fees, costs and expenses incurred by the Insured," bars, in whole or in part, Plaintiff's claimed losses.

8.      Endorsement #6, Section 8(xxi) of the National Union Policy, which provides that the Policy does not cover "indirect or consequential loss of any nature," bars, in whole or in part, Plaintiff's claimed losses.

9.      Endorsement #6, Section 8(xxv) of the National Union Policy, which provides that the Policy does not cover "loss as a result of a threat 1) to do bodily harm to any person; 2) to do damage to the premises or property of the Insured; or 3) to Computer Systems operations," bars, in whole or in part, Plaintiff's claimed losses.

10.     The National Union Policy's terms, conditions, exclusions, and endorsements may otherwise preclude or limit coverage in this matter.

11.     Payment of damages of any type for which Coverage in this matter may otherwise be

29

precluded or limited by the National Union Policy's terms, conditions, exclusions, and endorsements.

12.    Plaintiff's claims are barred to the extent it has failed to reasonably mitigate its loss.

13.    The doctrine of waiver bars Plaintiff's claims.

14.    The doctrine of estoppel bars Plaintiff's claims.

15.    In the event Plaintiff prevails on all or part of its claims, National Union is entitled to a credit for all amounts already paid by any party or entity to Plaintiff for the alleged damage that is the subject of this suit.

16.    Plaintiff's claims are barred in whole or in part because Plaintiff's Original Complaint fails to state a claim on which relief can be granted.  Specifically, Plaintiff has failed to describe with sufficient, and required, specificity as to how National Union's alleged breach of the insurance contract could be converted to support any other causes of action including but not limited to violations of the Texas Insurance Code by Defendant.

17.    There is a bona fide controversy that existed and continues to exist concerning coverage and thus, there can be no bad faith.

18.    To the extent Plaintiff prays for punitive or exemplary damages, National Union invokes its rights under the Due Process Clause of the Fifth Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution.

19.    To the extent Plaintiff prays for punitive or exemplary damages, that request should be denied because it violates National Union's equal protection rights guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of Texas, Article I, Sections 13 and 19.

20.    Any award of punitive or exemplary damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus

$200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002-41.009.

21.     Plaintiff's damages, if any, are limited by the amounts set forth in the limitation provisions of the National Union Policy.  Plaintiff's contract damages cannot exceed the applicable Policy limits.  In addition, Plaintiff's damages cannot exceed any stipulated damage limitation or damages requested in the Original Complaint.

22.     There is no bad faith because there is no coverage, and the existence of coverage for Plaintiff's insurance claim is necessary to establish any basis for Plaintiff's Insurance Code and common law bad faith claims.

23.     National Union reasonably relied on case law from the state and federal courts in Texas, including the United States Fifth Circuit Court of Appeals, which supports National Union's interpretation of the Policy as it relates to Plaintiff's claims.

24.     Plaintiff has failed to comply with all conditions precedent to any right to recover under the National Union Policy.

25.     Plaintiff failed to provide National Union with the required written notice 30 days before the date the lawsuit was filed as required by Section 38.002 of the Texas Civil Practice and Remedies Code.  Consequently, Plaintiff is not entitled to attorneys' fees as pleaded pursuant to the Texas Civil Practice and Remedies Code.

26.     National Union reserves the right to supplement or amend its Answer, including any defenses claimed herein, based upon factual information discovered during the pendency of this case.

## CONCLUSION AND PRAYER

For these reasons, Defendant National Union Fire Insurance Company of Pittsburgh, Pa., asks the Court to enter judgment that Plaintiff Mr. Cooper Group, Inc., take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award National Union all other relief the Court deems appropriate.

Respectfully submitted,

**GRAY REED**


By: */s/ Darin L. Brooks*
     Darin L. Brooks
     Email: dbrooks@grayreed.com
     Texas Bar No. 00796252
     Kristen W. Kelly
     Email: kkelly@grayreed.com
     Texas Bar No. 24046198
     Reynolds Sands[3]
     Email: rsands@grayreed.com
     Texas Bar No. 24143379
     1601 Elm Street, Suite 4600
     Dallas, Texas 75201
     Telephone: (214) 954-4135
     Facsimile: (214) 953-1332

     and

     1300 Post Oak Boulevard, Suite 2000
     Houston, Texas 77056
     Telephone: (713) 986-7000
     Facsimile: (713) 986-7100


     **ATTORNEYS FOR DEFENDANT**
     **NATIONAL UNION FIRE INSURANCE**
     **COMPANY OF PITTSBURGH, PA.**

---

[3] Admission forthcoming.

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing instrument has been forwarded in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to all Parties and Counsel of Record in this lawsuit this 23rd day of January 2025.

Justin R. Optiz
McGuireWoods LLP
2601 Olive Street, Suite 2100
Dallas, Texas 75201
joptiz@mcguirewoods.com

Brian G. Friel
Benjamin W. Massarsky
Miller Friel, PLLC
2445 M Street, NW Suite 910
Washington, D.C. 20037
frielb@millerfriel.com
massarskyb@millerfriel.com

**ATTORNEYS FOR PLAINTIFF**
**MR. COOPER GROUP, INC.**
**A DELAWARE CORPORATION**

                                       _/s/ Darin L. Brooks_
                                       Darin L. Brooks