**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **Mr. Cooper Group, Inc.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No.: 3:24-cv-02857-D** |
| **National Union Fire Insurance** | § | |
| **Company of Pittsburgh, Pa., and** | § | |
| **Berkshire Hathaway Specialty** | § | |
| **Insurance Company,** | § | |
| **Defendants.** | § | |

## DEFENDANT NATIONAL UNION'S INITIAL DESIGNATION OF EXPERTS

TO THE HONORABLE COURT:

Defendant National Union Fire Insurance Company of Pittsburgh, Pa. (National Union), pursuant to Federal Rule of Civil Procedure 26 and the Court's Amended Scheduling Order dated October 24, 2025 (Doc. #38), designates the following expert witnesses:

1. **Ms. Diane M. Parker**
   Diane M. Parker, L.L.C.
   5917 Fairmount Drive
   Plano, Texas  75093
   Telephone:  (972) 473-8672

Ms. Parker is expected to provide opinion testimony regarding the custom and practice in the insurance industry regarding claims handling in general, and regarding National Union's handling of the claim by Plaintiff Mr. Cooper Group, Inc. that is the subject of this lawsuit.  Ms. Parker is expected to provide opinion testimony on other matters within her areas of expertise in connection with the claims and defenses of the parties in this case.  Ms. Parker also is expected to provide opinion testimony in response to the opinions of Plaintiff's experts on these issues.

It is anticipated that the general substance of Ms. Parker's mental impressions and opinions are consistent with the position taken by National Union as set forth in the pleadings and correspondence by National Union on the above issues in this case.  Her mental impressions and opinions are or will be based on her (1) experience, education, training and studies in the insurance industry and related claims handling; (2) knowledge of the insurance industry and related claims handling; (3) review and evaluation of documents, materials or other information that have been or may be provided to her; and (4) communications regarding this case.  Documents that have been or may be considered by Ms. Parker will be disclosed.

1

Ms. Parker's opinions and mental impressions, along with other information required to be disclosed under Rule 26 of the Federal Rules of Procedures, also are contained in her report that will be produced on or before March 2, 2026 per agreement of counsel in conjunction with this designation as well as any future supplement or amendment to that report.

2. **Mr. David Cowen**
   Charles River Associates
   2600 North Central Expressway, Suite 325
   Richardson, Texas 75080
   Telephone: (214) 662-4478

Mr. Cowen is expected to provide opinion testimony regarding the custom and practice in the cybersecurity, information security, and digital forensics industries. In general, regarding those industries, Mr. Cowen is expected to provide opinion testimony as to use of third-party vendors to restore a computer system or digital environment following a cybersecurity incident. Mr. Cowen is expected to testify regarding the relationship and interaction between Mr. Cooper and various third-party vendors, the Statements of Work between Mr. Cooper and third-party vendors, and the customary meaning of "damage" and "destruction" in the cybersecurity and digital forensics industries and whether Mr. Cooper's computer systems were "damaged" or "destroyed" under that customary meaning. Mr. Cowen is expected to provide opinion testimony on other matters within his areas of expertise in connection with the claims and defenses of the parties in this case. Mr. Cowen also is expected to provide opinion testimony in response to the opinions of Plaintiff's experts on these issues.

It is anticipated that the general substance of Mr. Cowen's mental impressions and opinions are consistent with the position taken by National Union as set forth in the pleadings and correspondence by National Union on the above issues in this case. His mental impressions and opinions are or will be based on his (1) experience, education, training and studies in the fields of computer science, cybersecurity, information security, digital forensics, and others; (2) knowledge of the cybersecurity, information security, and digital forensics industries; (3) review and evaluation of documents, materials or other information that have been or may be provided to him; and (4) communications regarding this case. Documents that have been or may be considered by Mr. Cowen will be disclosed.

Mr. Cowen's opinions and mental impressions, along with other information required to be disclosed under Rule 26 of the Federal Rules of Procedures, also are contained in his report that will be produced on or before March 2, 2026 per agreement of counsel in conjunction with this designation as well as any future supplement or amendment thereto.

3. **Ms. Kelli M. Hinson**
   Partner
   Carrington, Coleman, Sloman & Blumenthal, L.L.P.
   901 Main Street, Suite 5500
   Dallas, Texas 75202
   Telephone: (214) 855-3110

As a preliminary matter, National Union notes that Mr. Cooper has not designated any expert to opine on the reasonableness and necessity of attorney's fees that it is seeking in this lawsuit, either as part of the proof of loss for legal work it allegedly had performed during that process or as part of its claims it

is pursuing against National Union in this lawsuit.  Without waiver of its position as to Mr. Cooper's failure to timely designate an attorney's fees expert, National Union designates Ms. Hinson to testify, if necessary, to provide testimony regarding the reasonableness and necessity of the attorneys' fees, costs, and expenses claimed by Mr. Cooper in this case, either as part of its underlying claim or as part of its pursuit of recovery from National Union.  Ms. Hinson is familiar with the reasonable and customary hourly rates charged for this type of work in federal courts in the Northern District of Texas.  Ms. Hinson is familiar with the "lodestar" method and other applicable factors in evaluating the reasonableness and necessity of attorneys' fees, costs and expenses.  Ms. Hinson has reviewed the filings between the parties in this case and is familiar with the extent of discovery between the parties to date in this case.  Given that Mr. Cooper has not designated attorney's fees experts, much less provided any opinions as to Mr. Cooper's attorney's fees, costs and expenses and their reasonableness and necessity, and given that Mr. Cooper has not yet provided copies of invoices or other materials establishing the amount of attorney's fees, costs and expenses that it seeks in this case, Ms. Hinson reserves all rights to provide her opinions within a reasonable time, to the extent necessary.

However, it is anticipated that the general substance of Ms. Hinson's mental impressions and opinions will address the reasonableness and necessity of Mr. Cooper's attorneys' fees, costs and expenses in this case.  Ms. Hinson's mental impressions and opinions will be based on (1) her experience, education and training, (2) her review of the pleadings and discovery in this case, (3) her review of other relevant materials to be provided by Mr. Cooper, including as to the attorney's fees it allegedly incurred as part of the underlying incident, (4) the lodestar criteria, including the number of hours reasonably spent times a reasonable hourly rate, as adjusted if necessary by the other *Arthur Andersen* factors and application of the lodestar method as reaffirmed and/or clarified in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019), and (5) the standards for reasonable and necessary attorneys' fees as set forth in the Texas Disciplinary Rule of Professional Conduct 1.04(b)(2) and applicable case law.  Ms. Hinson's hourly rate for her work on this case as an expert will be provided in her report and/or are available upon request.  A list of Ms. Hinson's publications may be found under "Speeches and Publications" in Ms. Hinson's bio at https://www.ccsb.com/professionals/kelli-m-hinson/.  Ms. Hinson has testified as an expert witness on professional liability and breach of fiduciary duty issues in the trial of *Dyer v. Geeting*, Cause No. 16-05937-393, in the 393rd Judicial District Court, Denton County, Texas, January 21 and 23, 2026.  She also testified as an expert witness on attorneys' fees in *In the Matter of the Estate of George Reid Simmons*, Cause No. 21-E-2086, in the County Court of Law No. 1, Ellis County, Texas, June 3, 2025.

## OTHER DISCLOSURES AND RESERVATIONS

Fact witnesses in this case that have some type of educational, professional or on-the-job specialized training such that matters that they explain to the Court may be considered expert testimony.  Therefore, to the extent that the testimony of fact witnesses in this matter constitutes competent expert testimony, National Union reserves the right to solicit such opinions including those matters set forth in any deposition testimony (whether currently existing or to be taken).

National Union reserves the right to call and examine at the time of trial any and all of Plaintiff's or Defendant Berkshire Hathaway Specialty Insurance's expert witnesses.  Further, National Union reserves the right to call any adverse witnesses designated by any other party to elicit expert opinions.  Without conceding that Plaintiff's witnesses are qualified as experts to testify in this case or that their

opinions are relevant, National Union may elicit testimony from any and all individuals designated by Plaintiff within their alleged area of expertise or knowledge of relevant facts.

National Union reserves the right to call undesignated rebuttal expert witnesses, whose testimony cannot reasonably be foreseen until the presentation of the evidence.

National Union reserves the right to supplement and/or amend this designation filing as allowed by the Federal Rules of Civil Procedure and this Court's orders.

National Union reserves the right to withdraw the designation of any expert and to aver positively that any such previously designated expert will not be called as a witness at trial.

Respectfully submitted,

*/s/ Darin L. Brooks*

Darin L. Brooks
Email: dbrooks@grayreed.com
Texas Bar No. 00796252
Kristen W. Kelly
Email: kkelly@grayreed.com
Texas Bar No. 24046198
Drew York
Texas Bar No. 24051554
dyork@grayreed.com
Reynolds Sands
Email: rsands@grayreed.com
Texas Bar No. 24143379
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332

and

1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100

**ATTORNEYS FOR DEFENDANT
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the above and foregoing document has been forwarded in accordance with the Federal Rules of Civil Procedure to all Parties and Counsel of Record in this lawsuit on February 20, 2026.

*/s/ Kristen W. Kelly*
Kristen W. Kelly
