IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MR. COOPER GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-2857-D |
| | § | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Mr. Cooper Group, Inc. ("Mr. Cooper") moves for leave to designate expert witnesses after the court-ordered deadline. Defendants National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Berkshire Hathaway Specialty Insurance Company ("Berkshire") oppose the motion. National Union moves, in the alternative, to strike the expert testimony of Michelle Reed, Esquire ("Reed"). And National Union, joined by Berkshire, moves to strike the rebuttal expert testimony of Justin Opitz, Esquire ("Opitz"), and Benjamin Massarsky, Esquire ("Massarsky"). For the reasons that follow, the court grants Mr. Cooper's motion, denies National Union's motion, and denies defendants' motion without prejudice as moot.

I

One of the principal issues in this case is the reasonableness and necessity of attorney's fees that Mr. Cooper incurred responding to a cybersecurity breach.[1] In general, Mr. Cooper can only recover attorney's fees that were reasonable and necessary.[2] Mr. Cooper moves for leave to designate three new expert witnesses: first, Reed, to testify to the reasonableness and necessity of the legal fees incurred in the breach response; second, Opitz, to testify to the reasonableness of the legal fees incurred in the breach response, the fees that Mr. Cooper incurred preparing its insurance claim, and the fees incurred in the present litigation; and, third, Massarsky, to testify to the same. (The court will refer to these three collectively as the "Lawyers.")[3]

The controlling scheduling order required Mr. Cooper to designate expert witnesses by January 13, 2026 and rebuttal expert witnesses by March 20, 2026. But Mr. Cooper only designated Opitz and Massarsky as rebuttal expert witnesses to testify to its attorney's fees. Defendants moved to strike both experts, contending, *inter alia*, that neither was truly a rebuttal witness, and that both were instead "re-packaged" affirmative experts. In response,

[1]Because the background facts and procedural history are set out in a prior memorandum opinion and order, *see, e.g.*, *Mr. Cooper Grp., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2026 WL 773091, at *1 (N.D. Tex. Mar. 19, 2026) (Fitzwater, J.), the court will recount only the background facts and procedural history that are pertinent to the present decision.

[2]There are other insurance agreements at issue pursuant to which Mr. Cooper maintains that such attorney's fees are recoverable.

[3]Opitz's and Massarsky's expert testimony would also relate to the reasonableness of attorney's fees in other contexts.

Mr. Cooper requested leave to redesignate Opitz and Massarsky as affirmative expert witnesses.

The controlling scheduling order also set a discovery deadline of May 14, 2026, which was later extended to May 21, 2026. Thereafter, in a memorandum opinion and order filed August 20, 2026, the court opened limited discovery for an additional 90 days in connection with Mr. Cooper's motion to compel. This memorandum opinion and order also reset the trial date to the two-week docket of February 2, 2027 and acknowledged the outstanding expert witness issues, stating that "the court will defer consideration of Mr. Cooper's request for leave to redesignate an attorney's fees expert." *Mr. Cooper Grp., Inc. v. Nat'l Union Fire Ins. Co. of Pitt., PA* (*Mr. Cooper II*), 2026 WL 2446790, at *13 n.15 (N.D. Tex. Aug. 20, 2026) (Fitzwater J.). Mr. Cooper filed the instant motion 40 days later, on September 29, 2026. The court has today filed *sua sponte* an order continuing the trial to the two-week docket of May 3, 2027.

As already noted, Mr. Cooper did not designate experts on attorney's fees by the January 13, 2026 deadline. It did, however, designate Opitz and Massarsky as rebuttal expert witnesses to refute the expert testimony of Kelli M. Hinson, Esquire ("Hinson"), whom National Union had designated to give expert testimony challenging Mr. Cooper's claimed attorney's fees.[4]

In its designation of Hinson, National Union pointed out that "Mr. Cooper has not designated any expert to opine on the reasonableness and necessity of attorneys' fees . . .

[4]Mr. Cooper had also previously designated Reed as a fact witness.

either as part of the proof of loss [under the insurance agreements] . . . or as part of its claims it is pursuing against National Union in this lawsuit." D. Resp. (ECF No. 209) at 3. Then, in connection with the pending summary judgment motions, National Union again posited that "Mr. Cooper has made no showing of the reasonableness and necessity of the attorneys' fees for which Mr. Cooper claims as damages" because it had failed to designate experts testifying to this issue.[5] D. Br. (ECF No. 115) at 38 n.35.

In its summary judgment response, Mr. Cooper contended that expert witnesses were unnecessary. But now, "out of an abundance of caution," Mr. Cooper moves to designate "witness[es] to provide expert testimony regarding the reasonableness and necessity of the law firm work performed[.]" P. Br. (ECF No. 206-1) at 7. Mr. Cooper maintains that this motion aims to "formalize and clarify" the relief requested earlier in its motion to strike briefing. *Id.* at 3. Defendants oppose the motion. National Union moves in the alternative to strike Reed's expert testimony. And defendants move to strike Opitz and Massarky as rebuttal experts. The court is deciding the motions on the briefs, without oral argument.

II

When deciding whether to allow late designation of an expert witness, the court's discretion is guided by four factors: "(1) the explanation for the failure to identify the witness, (2) the importance of the testimony, (3) the potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice." *Wright v. Blythe-*

---

[5]The court suggests no view on the merits of defendants' pending summary judgment motion, which the court is not deciding at this time.

*Nelson*, 2001 WL 804529, at *2 (N.D. Tex. July 10, 2001) (Fitzwater, J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). The court considers the four factors holistically such that no individual factor is dispositive, and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012). This court "remembers at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Id.*

III

A

Mr. Cooper's explanation for failing to timely designate the Lawyers as affirmative experts is that "it believed—and continues to believe—that such evidence is not necessary[,]" which is "based on its good faith understanding of the law" and was "not brought to light until [the] recent motions to strike." P. Br. (ECF No. 206-1) at 8. Mr. Cooper is essentially contending that expert testimony is not necessary to meet its burden of proof at trial, but—to the extent expert testimony *is* necessary—Mr. Cooper should be allowed to designate affirmative expert witnesses despite its earlier legal misunderstanding.

A "misunderstanding of the law, however, constitutes mere inadvertence, which is 'tantamount to no explanation at all[.]'" *Sun River Energy, Inc. v. McMillan*, 2014 WL 4771852, at *4 (N.D. Tex. Sept. 25, 2014) (Fitzwater, C. J.) (alteration in original) (quoting *S & W Enters., L.L.C. v. SouthTr. Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)). Accordingly, "[c]ourts have found explanations to be insufficient when based on mere

inadvertence, a misunderstanding of a court order or rule, or a misunderstanding of the law." *Harrison v. Aztec Well Servicing Co.*, 2021 WL 5280956, at *2 (N.D. Tex. Nov. 12, 2021) (Hendrix, J.); *see also Noviello v. iVest 360, LLC*, 2023 WL 9051707, at *3 (N.D. Tex. Dec. 1, 2023) (Ramirez, J.), *report and rec. adopted*, 2023 WL 9052012 (N.D. Tex. Dec. 29, 2023) (Boyle, J.) (holding that failure to "anticipate a challenge to jurisdiction" was "not a persuasive explanation for . . . untimeliness."). Mr. Cooper's continuing "belie[f] . . . that such evidence is not necessary" is its primary basis for the present motion. P. Br. (ECF No. 206) at 8. The court therefore weighs the first factor against granting Mr. Cooper's motion.

B

The Lawyers will provide expert testimony that supports up to $3.8 million of Mr. Cooper's claimed losses. And defendants do not assert that the expert testimony is unimportant.[6] Accordingly, the second factor weighs in favor of granting Mr. Cooper's motion.

C

The third and fourth factors can be addressed together. These factors require consideration of the potential prejudice caused and the availability of a continuance to cure any such prejudice. *Wright*, 2001 WL 804529, at *2.

To begin, the paradigm under which the parties have submitted their briefing has

[6]Instead, defendants maintain that the "claimed importance of expert testimony underscores the need for [movant] to have timely designated [the] expert." *See, e.g.*, D. Resp. (ECF No. 209) at 8 (alterations in original). Although true, that does not influence whether the second factor favors Mr. Cooper.

changed because the court has reset the trial to the two-week docket of May 3, 2027. This extension enables defendants to take such steps as designate rebuttal experts, enable their current experts to file supplemental reports, and permit defendants to conduct necessary discovery pertaining to the Lawyers. And because defendants have not yet deposed the Lawyers, they will not incur duplicate expenses to depose them in connection with their new designations. Finally, defendants themselves anticipate filing additional motions to open discovery, which tends to undercut an assertion that additional discovery would cause undue prejudice.

National Union contends that it will be prejudiced because it "already submitted . . . summary judgment briefing." D. Resp. (ECF No. 209) at 9. Although a court may find prejudice when a party has expended resources preparing briefing, *see In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2007 WL 207028, at *4 (S.D. Tex. Jan. 23, 2007), this case does not support a finding of prejudice.[7] The question whether Mr. Cooper's attorney's fees were reasonable and necessary constitutes a minor portion of National Union's summary judgment briefing. *See* D. Br. (ECF No. 115) at 38 n. 35. And summary judgment briefing is still pending. Therefore, National Union's argument lacks merit.

Similarly, Berkshire contends that it will be prejudiced because "Mr. Cooper's attempted late designations would require additional discovery, and [Berkshire] would be

[7]The court's decision on the present motion is unlikely to impact its ability to issue a ruling on the pending summary judgment motions. To the extent that new expert testimony *would* have an impact, the court can take appropriate steps to separate affected issues from unaffected ones.

prejudiced if this discovery were not produced." D. Resp. (ECF No. 210-1) at 8. But as the court has already noted, Berkshire's position that additional discovery would be inappropriate is undercut by its anticipated motions to compel new discovery. And Berkshire has not shown that Mr. Cooper would refuse to comply with its updated discovery obligations.

Therefore, in light of the trial continuance to the two-week docket of May 3, 2027, factors three and four weigh in favor of granting Mr. Cooper's motion.

D

Viewing the factors holistically, the court concludes that Mr. Cooper's motion should be granted. Although Mr. Cooper's explanation for its failure to designate the Lawyers is insufficient, the circumstances of this case favor Mr. Cooper. In particular, the inquiry's focus "on the diligence of the party seeking to modify the scheduling order" leads to this conclusion. *Serv. Temps, Inc.*, 2009 WL 3294863, at *3.

Although the court is deciding Mr. Cooper's motion in November 2026, the origin of the motion dates back to July 10, 2026, when Mr. Cooper requested "leave to re-designate a witness to provide expert testimony regarding the reasonableness and necessity of the law firm work[.]" P. Resp. (ECF No. 153-1) at 18. The court did not provide guidance on this request until August 20, 2026 in its omnibus discovery memorandum opinion and order, which explicitly noted that "the court will defer consideration of Mr. Cooper's request for leave to redesignate an attorney's fees expert." *Mr. Cooper II*, 2026 WL 2446790, at *13 n.15. Mr. Cooper filed the present motion the following month to "formalize and clarify the

exact relief" requested in its prior briefing on the motion to strike. P. Br. (ECF No. 206-1) at 2-3.

Accordingly, the court grants Mr. Cooper's motion to designate the Lawyers as expert witnesses.

IV

Having granted Mr. Cooper's motion to designate expert witnesses, the court directs the parties to meet and confer regarding the following and to advise the court of their agreement, or, if different, their respective positions:

1. The deadline for Mr. Cooper to designate its expert witnesses.
2. The deadline for National Union and Berkshire to designate any rebuttal expert witnesses.
3. The deadline to complete additional discovery regarding any newly designated expert witnesses.

After the court receives the parties' report, it will enter an appropriate scheduling order.

V

The court now turns to National Union's alternative motion to strike the expert testimony of Reed.

National Union's motion is based on the general contention that Reed would testify to the "related costs and expenses incurred by Mr. Cooper in connection with its response to the Cyber Attack." P. Resp. (ECF No. 209) at 11. According to National Union, this

testimony would go beyond both Mr. Cooper's requested relief and Reed's qualifications. National Union's position depends, of course, on whether Reed testifies to "non-attorney vendors[,]" rather than the legal costs that Mr. Cooper incurred. *Id.* at 11. In response, Mr. Cooper clarifies that the latter is true: "the phrase 'and related costs and expenses' . . . refers to costs and expenses incurred by the law firms[.]" P. Reply (ECF No. 219) at 8. Accordingly, the court declines to accept National Union's argument.

National Union also asks the court to "reexamine the past rulings on Mr. Cooper's privilege assertions." P. Resp. (ECF No. 209) at 13. Absent a showing that Mr. Cooper is unwilling to modify voluntarily its past privilege assertions, the court denies National Union's request.

Accordingly, National Union's motion to strike is denied.

VI

Finally, the court considers defendants' motion to strike the rebuttal expert testimony of Opitz and Massarsky. Because the court is giving Mr. Cooper leave to designate Opitz and Massarsky as affirmative expert witnesses, to the exclusion of their prior designation as rebuttal expert witnesses, the court denies National Union's motion to strike as moot.

* * *

For the reasons explained, the court grants Mr. Cooper leave to designate expert witnesses, directs the parties to meet and confer regarding the deadlines specified in § IV, denies National Union's motion to strike Reed's expert testimony, and denies defendants'

motion to strike the rebuttal expert testimony of Opitz and Massarsky without prejudice as moot.

**SO ORDERED**.

November 24, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE