IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MR. COOPER GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:24-CV-2857-D |
| | § | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Mr. Cooper Group, Inc. ("Mr. Cooper") moves to enforce the fee award that the court previously made as a discovery sanction under Fed. R. Civ. P. 37(a)(5). Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") moves to strike Mr. Cooper's motion and requests clarification of the fee award. For the reasons explained below, the court grants Mr. Cooper's motion to enforce, denies National Union's motion to strike, and directs that National Union pay Mr. Cooper the fee award no later than December 23, 2026.

I

On August 20, 2026 the court awarded Mr. Cooper attorney's fees incurred in connection with its January 13, 2026 motion to compel discovery from National Union. *Mr. Cooper Grp., Inc. v. Nat'l Union Fire Ins. Co. of Pitt., PA*, 2026 WL 2446790, at *13 (N.D. Tex. Aug. 20, 2026) (Fitzwater, J.). The fee award, which totaled $112,463.61, did not

specify a payment deadline. Mr. Cooper now moves the court to enforce the fee award and order National Union to pay the $112,463.61 award within 14 days of the date the court orders that payment be made. National Union counters that the court "should carry the award until conclusion of the litigation." D. Resp. (ECF No. 207) at 3 (bold font omitted). It takes the same position in its motion to strike.

II

The court has "jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *see also SEC v. Faulkner*, 2019 WL 1040679, at *5 n. 9 (N.D. Tex. Mar. 5, 2019) (Fitzwater, J.) ("Generally, a district court is considered to be in the best position to interpret its own orders."). Although the court did not specify a date for compliance with its sanction order, it is customary for courts to require parties to pay Rule 37 awards before the conclusion of litigation. *See, e.g.*, *Tim Hardesty v. Monsanto Co.*, 2026 WL 3002842, at *6 (N.D. Tex. Oct. 5, 2026) (Horan, J.). And even if were not customary, a court would rarely abuse its discretion by ordering prompt payment of a discovery sanction that is intended to shift the burden of discovery misconduct from the injured party to the wrongdoer. Moreover, a sanctioned party who wishes to challenge a discovery award on appeal can likely stay its payment obligation by the usual means for staying a judgment on appeal.

Accordingly, the court interprets its prior memorandum opinion and order to mean that National Union must pay Mr. Cooper the fee award before the conclusion of litigation. The court directs that National Union pay Mr. Cooper the $112,463.61 fee award no later

than December 23, 2026 by wire transfer to an account of Mr. Cooper's counsel or by other mutually agreeable arrangements.

* * *

For the reasons explained, the court grants Mr. Cooper's motion to enforce the fee award, directs that National Union pay the fee award totaling $112,463.61 no later than December 23, 2026, and denies National Union's motion to strike.

**SO ORDERED**.

November 25, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE